IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-180 |
| ) | JUDGE HAYNES |
| SCHRADER ELECTRONICS, LTD., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF NISSAN NORTH AMERICA, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Nissan North America Inc. ("NNA"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Court to grant it summary judgment because (1) Defendant Schrader Electronics, Ltd. is contractually obligated to indemnify NNA for attorneys' fees and other expenses related to the defense of a federal patent lawsuit concluded in 2011, and (2) the Court can determine as a matter of law that attorneys' fees and other expenses incurred by NNA in defense of that federal patent lawsuit were reasonable.

The federal patent suit was filed in 2007 in the United States District Court for the Eastern District of Texas and was styled *MHL Tek, LLC v. Nissan Motor Co.*, *et al.*, Case No. 2:07-cv-289 ("MHL Litigation"). MHL Tek sued three NNA-related entities and other auto manufacturers, alleging that the defendants had infringed three patents related to tire pressure sensors used in a tire pressure monitoring system ("TPMS"). Pursuant to a Master Purchase Agreement entered into by NNA and Schrader in November 2005 ("MPA"), Schrader sold NNA sensors that Schrader designed and manufactured for use in a TPMS. The MPA contains an indemnification provision related to patent infringement claims and lawsuits brought against NNA related to the sensors. The indemnification provision requires Schrader to indemnify it for

1

the fees and expenses spent in defending the MHL Litigation, which concluded successfully in 2011 with a dismissal of all claims against NNA.

NNA seeks recovery of $3,616,591.74 in attorneys' fees and expenses as compensatory damages for Schrader's breach of the MPA, which amount was reasonably incurred by NNA in defense of the MHL Litigation, particularly given the complexity of the infringement claims, the duration of the lawsuit, the potential exposure and the ultimately successful result. If successful on this motion, NNA also seeks prejudgment interest and its attorneys' fees and expenses for prosecution of this case, to be determined later by separate motion.

In support of its motion for summary judgment, NNA relies upon the following:

(1) Memorandum in Support of Motion for Summary Judgment;

(2) Concise Statement of Undisputed Material Facts; and

(3) Notice of Filing Materials in Support of Summary Judgment with attached exhibits.

Dated: June 2, 2014

Respectfully submitted,

*s/ Brigid M. Carpenter*
John S. Hicks (TN BPR # 010478)
Brigid M. Carpenter (TN BPR # 18134)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Fax: (615) 726-5600
Phone: (615) 744-7341
Email: jhicks@bakerdonelson.com
Email: bcarpenter@bakerdonelson.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 2, 2014, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing:

W. Scott Sims (B.P.R. No. 017563)
Sims/Funk
3310 West End Ave., Suite 410
Nashville, Tennessee 37203
ssims@simsfunk.com

Christopher Toll (admitted *Pro Hac Vice)*
6380 South Fiddlers Green Circle, Suite 500
Greenwood Village, Colorado 80111
ctoll@hollandhart.com

Barry C. Bartel (admitted *Pro Hac Vice*)
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
bcbartel@hollandhart.com


          *s/ Brigid M. Carpenter*
          Brigid M. Carpenter